UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA RODRIGUEZ,

       Plaintiff,

v.                                                 Case No: 6:15-cv-1312-Orl-41KRS

PAYLESS SHOESOURCE, INC.,

       Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on the Joint Notice of Dismissal (Doc. 15). Therein, the parties argue that judicial approval of the settlement agreement, which is generally required under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982), is not required here because "Defendant has agreed to pay Plaintiff all wages to which she alleges she is entitled under the FLSA in full, without compromise." (Joint Notice at 1). Accordingly, the parties did not submit any of the pertinent settlement documents, and they attempt to voluntarily dismiss this action by way of Rule 41(a)(1)(A)(ii). (*Id.*).

Rule 41(a)(1)(A) permits voluntary dismissal as a matter of right by either notice or stipulation, "[s]ubject to . . . *any applicable federal statute*." (emphasis added); *cf. Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (holding that Rule 41(a)(1)(A)(ii) is self-executing but not addressing whether that result persists where a federal statute inhibits the parties' ability to settle). This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and, at this point, may only be settled or compromised upon review of the settlement agreement, by the district court, for fairness. *Lynn's Food*, 679 F.2d at 1352–55. Moreover, the parties cannot categorically avoid judicial review simply by stipulating

that there was no compromise because Plaintiff received full compensation. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (clarifying that, while non-compromised claims are not subject to plenary review, the initial determination of whether a plaintiff receives full compensation is reserved for the district court).[1] The parties' Joint Notice fails to preclude the existence of a compromise and therefore is ineffective. This case is not dismissed, and Plaintiff's FLSA claims remain viable. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("On its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The parties' Joint Notice of Dismissal (Doc. 15) is **STRICKEN**.

2. On or before **November 23, 2015**, Plaintiff shall file: (1) a motion pursuant to Federal Rule of Civil Procedure 41(a)(2), which includes all relevant settlement documents; (2) an appropriate stipulation or notice of voluntary dismissal *without prejudice* (in which case, any underlying settlement agreement would be unenforceable); or (3) a report as to the status of any pending settlement agreement or further litigation in this case.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

---

[1] The parties reference to *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) is unpersuasive as that case was subsequently limited by its author in *Dees*, 706 F. Supp. 2d at 1240.

Copies furnished to:

Counsel of Record

Copies furnished to:

Counsel of Record